**WO** JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Parimelazhagan Kothandaraghupathy, ) | No. CV 05-0495-PHX-JAT (BPV) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Department of Homeland Security, et al.,) | |
| ) | |
| Respondents. ) | |
| ) | |

      Petitioner Parimelazhagan Kothandaraghupathy (A98-007-183), who is confined in the Florence Correctional Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Petition and this action will be dismissed.

**BACKGROUND**

      Petitioner is a native and citizen of India.  On May 17, 2004, an immigration judge found that Petitioner was subject to removal from the United States, but granted his application for voluntary departure. On October 29, 2004, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal.  Petitioner's petition for review from the decision of the BIA is currently pending before the United States Court of Appeals for the Ninth Circuit. See Kothandaraghupathy v. Ashcroft, No. 04-75740 (9th Cir. filed Nov. 12, 2004).  On June 21, 2005, the Ninth Circuit granted Petitioner's motion for stay of removal.  Id.

      Petitioner asserts four grounds in support of his Petition for Writ of Habeas Corpus. First, he challenges the immigration judge's alternate order of removal on the grounds that immigration officials failed to help him voluntarily depart and therefore his failure to timely

depart from the United States was not his fault. Second, Petitioner claims that the immigration judge improperly denied his request for adjustment of status. Third, Petitioner claims that immigration officials improperly arrested him when he returned from New Jersey to Arizona to appear on a misdemeanor matter in the Tempe Justice Court. Fourth, Petitioner claims that he is being held unlawfully beyond the 90 day removal period.

## DISCUSSION

"[A]s a prudential matter, . . . habeas petitioners [must] exhaust available judicial and administrative remedies before seeking relief under § 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001). Since his petition for review is still pending in the Ninth Circuit, Petitioner has not exhausted available judicial remedies with respect to his first three claims which challenge the propriety of his removal order. Additionally, in light of the amendments made to 8 U.S.C. § 1252 by the REAL ID Act of 2005, those claims are now cognizable only in the court of appeals and not in a § 2241 habeas corpus petition filed with the district court. See Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(1)(B)) (an order of removal may only be reviewed in the courts of appeals). Accordingly, Petitioner's claims challenging the propriety of his removal proceedings must be dismissed.

The REAL ID Act of 2005, however, only limits the district court's jurisdiction to review orders of removal; it does not divests the district court of jurisdiction to consider an alien's claim that his detention by immigration authorities is unlawful. Id. Moreover, at this stage of the proceedings, it is unclear whether there are any unexhausted administrative or judicial remedies available to Petitioner to challenge his current custody status. But even if Petitioner has exhausted his administrative remedies with respect to his claim that he is being unlawfully detained beyond the 90-day removal period, this claim must also be dismissed because it is meritless.

Following the entry of an administratively final order of removal, the alien ordered removed is subject to mandatory detention during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A), (a)(2). If he cannot be removed within the 90-day removal period, the alien may be granted supervised release or may be further detained, subject to administrative

review. 8 U.S.C. § 1231(a)(3). But, when there is no significant likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, the Government may not detain the alien for more than the presumptively reasonable period of six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). However, the rules for detention under § 1231(a) do not apply in Petitioner's case because the 90-day "removal period" has not yet begun. Section 1231(a)(1)(B) provides:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Although Petitioner is subject to an administratively final order of removal, the "removal period" has not yet begun because his removal order is currently on appeal to the Ninth Circuit and because the Ninth Circuit has granted Petitioner a stay of his removal. The "removal period" will not begin for Petitioner until "the date of [Ninth Circuit's] final order." 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, Petitioner's current detention is pursuant to the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231. Because 8 U.S.C. § 1231 does not apply to Petitioner's case, his claim that he has been unlawfully detained beyond the 90-day removal period is meritless.

**IT IS THEREFORE ORDERED** that the Petition and this action are **dismissed**.

DATED this 4th day of November, 2005.

_____
James A. Teilborg
United States District Judge